**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NED SPRAGLING, II** | : | **CASE NO.** |
| **c/o Malik Law** | : | |
| **8437 Mayfield Road, Suite #101** | : | |
| **Chesterland, Ohio 44026** | : | **JUDGE** |
| | : | |
| **Plaintiff,** | : | |
| | : | **COMPLAINT: JURY DEMAND** |
| **v.** | : | **ENDORSED HEREON** |
| | : | |
| **AKRON PUBLIC SCHOOLS** | : | |
| **70 North Broadway Street** | : | |
| **Akron, Ohio 44308** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DAVID W. JAMES** | : | |
| **SUPERINTENDENT** | : | |
| **AKRON PUBLIC SCHOOLS** | : | |
| **In his official and individual capacities.** | : | |
| **70 North Broadway Street** | : | |
| **Akron, Ohio 44308** | : | |
| | : | |
| **and** | : | |
| | : | |
| **RICKY POWERS** | : | |
| **COACH** | : | |
| **AKRON PUBLIC SCHOOLS** | : | |
| **In his official and individual capacities.** | : | |
| **70 North Broadway Street** | : | |
| **Akron, Ohio 44308** | : | |
| | : | |
| **and** | : | |
| | : | |
| **TALLMADGE CITY SCHOOLS** | : | |
| **486 East Avenue** | : | |
| **Tallmadge, Ohio 44278** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JEFF FERGUSON** | : | |
| **SUPERINTENDENT** | : | |

1

**TALLMADGE CITY SCHOOLS**
**In his official and individual capacities.**
**486 East Avenue**
**Tallmadge, Ohio 44278**

**and**

**JOE VASSALOTTI**
**COACH**
**TALLMADGE CITY SCHOOLS**
**In his official and individual capacities.**
**486 East Avenue**
**Tallmadge, Ohio 44278**

**and**

**LAURA LYNN CROSS**
**OHIO STATE REFORMATORY FOR**
**WOMEN**
**1479 Collins Avenue**
**Marysville, Ohio 43040**

**and**

**JOHN AND JANE DOES #1-5**
**ADMINISTRATORS AND PRINCIPALS**
**OF AKRON PUBLIC SCHOOLS**
**In their official and individual capacities.**
**70 North Broadway Street**
**Akron, Ohio 44308**

**and**

**JOHN AND JANE DOES #6-10**
**ADMINISTRATORS AND PRINCIPALS**
**OF TALLMADGE CITY SCHOOLS**
**In their official and individual capacities.**
**486 East Avenue**
**Tallmadge, Ohio 44278**

**Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## I. INTRODUCTION

1.     This case challenges the multiple supervisory and other failures on the part of Akron Public Schools, their agents and employees and Tallmadge City Schools, their agents and employees, to prevent adult Laura Lynn Cross, from sexually abusing, assaulting, and raping the Plaintiff, a student and a minor.

2.     It was well-known within these school systems and ignored, that Defendant Laura Lynn Cross was sexually abusing, assaulting, and raping the Plaintiff from as early as 2009, when he was only a sixth grader, all the way up until his graduation from Tallmadge High School in 2016.

3.     Akron Public Schools and Tallmadge City Schools, despite actual and constructive knowledge and actual and constructive notice,  failed to prevent Defendant Cross's sexual abuse, assault, and rape despite the obvious signs and despite being repeatedly told by Plaintiff's father that the sexual abuse, assault, and rape was happening.

4.     These failures resulted in the repeated sexual abuse, assault, and rape of Plaintiff over a period of seven years.  Plaintiff has suffered severe and permanent physical, psychological and emotional damage as a result of these failures.

## II. JURISDICTION

5.     Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331. Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367(a). Venue is proper in this Division as the actions giving rise to Plaintiff's claims occurred in Summit County within this district and Defendants resides within the district.

6.     The statute of limitations for federal civil rights and Title IX claims is based on the

state's most closely analogous statute of limitations, usually personal injury. However, with the passage of R.C. 2305.111(C) in 2006 by the Ohio legislature, the 12-year statute of limitations for claims arising out of child sex abuse, as in this case, is now the most closely analogous statute.

### III. PARTIES

7.   Plaintiff is a 20-year old male and former student of Defendant Akron Public Schools and Tallmadge City Schools.

8.   Defendant Akron Public Schools is a political subdivision of the State of Ohio which operates public elementary, middle, and high schools in Akron, Ohio in Summit County.

9.   Defendant David W. James was the Superintendent of Akron Public Schools at all times relevant when he obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Defendant James is being sued in both his official and individual capacities.

10.  Defendant Ricky Powers was a Coach at Buchtel High School of Akron Public Schools at all times relevant when he obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Defendant Powers is being sued in both his official and individual capacities.

11.  Defendant Tallmadge City Schools is a political subdivision of the State of Ohio which operates public elementary, middle, and high schools in Tallmadge, Ohio in Summit County.

12.  Defendant Jeff Ferguson was the Superintendent of Tallmadge City Schools at all times relevant when he obtained the information and committed the acts and

omissions stated elsewhere in this Complaint. Defendant Ferguson is being sued in both his official and individual capacities.

13. Defendant Joe Vassalotti was a Coach at Tallmadge High School at all times relevant when he obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Defendant Vassalotti is being sued in both his official and individual capacities.

14. Defendant Laura Lynn Cross is a former teacher with Akron Public schools and a former volunteer, PTA member, and board member of the Tallmadge City Schools who is now serving a sentence at the Ohio Reformatory for Women in Marysville, Ohio for being convicted of three counts of sexual battery upon the Plaintiff. (Exhibit 1, Summit County Court docket)

15. Defendants John and Jane Does #1-5 were the Administrators and Principals of Akron Public Schools at all times relevant when they obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Defendant Does #1-5 are being sued in both their official and individual capacities.

16. Defendants John and Jane Does #6-10 were the Administrators and Principals of Tallmadge City Schools at all times relevant when they obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Defendant Does 31-5 are being sued in both their official and individual capacities.

## IV. FACTS

**A. Defendant Laura Lynn Cross begins grooming Plaintiff at the young age of 12 as his 6th grade music teacher and continues grooming Plaintiff at the young age of 14 as his 8th grade language arts teacher.**

17. Plaintiff attended Innes Middle School for the 2009-2010 school year as a sixth

grader and Defendant Cross was his music teacher.

18. Even as a child, Plaintiff was aware that Defendant Cross immediately showed him special attention.

19. Plaintiff went to live with his father for some time in Alabama but returned to Buchtel Middle School in the Akron Public Schools for the 2011-2012 school year.

20. Defendant Cross, working in the Akron Public Schools, picked right back up where she left off and, again, wrongfully and immediately began showing Plaintiff special and inappropriate attention as his language arts teacher.

21. Defendant Cross for example, would bring Plaintiff special food from outside restaurants in order to curry favor and made it very clear to the Plaintiff that he was favored by her.

22. Defendant Cross then began taking Plaintiff to venues outside of school. She would take him swimming, bowling, to the Football Hall of Fame and eventually even began to buy him expensive items from her personal funds, such as Nike Tennis Shoes.

23. During this time, Plaintiff would also spend the night over Defendant Cross's house and they would arrive at school together in the morning and leave together most afternoons.

24. This inappropriate behavior and relationship was ignored by Defendants Akron Public Schools, James, Powers, and Does #1-5.

25. The effect of Defendants Akron Public Schools, James, Powers, and Does #1-5 knowingly allowing Defendant Cross to maintain this inappropriate relationship with Plaintiff condoned and facilitated an environment and a culture of sexually deviant behavior on the part of Cross as well as sexual harassment and sexual grooming,

which were all wrongfully perpetrated by Defendant Cross upon Plaintiff.

26.     The effect of Defendants Akron Public Schools, James, Powers, and Does #1-5 knowingly allowing Defendant Cross to develop and maintain this inappropriate relationship with Plaintiff, devoid of accountability, empowered and emboldened Defendant Cross to engage in even further offensive and abusive conduct.

27.     Defendant Cross exploited the opportunities, environment, and culture created by Defendants Akron Public Schools, James, Powers, and Does #1-5 and completed her grooming, sexual harassment, and sexual abuse of the Plaintiff countless times.

**B. Plaintiff and Defendant Cross begin a sexual relationship during his 9th grade year of high school.**

28.     On September 7, 2012, Plaintiff turned fifteen years old and had just begun his 9th grade year of high school at Buchtel High School.

29.     Defendant Cross taught 8th grade at Buchtel Middle School in the same building.

30.     During this time, Plaintiff was almost living at Defendant Cross's home and the two were still arriving at school together every morning and leaving together in the afternoon.

31.     Defendant Cross by this time, had sufficiently groomed the Plaintiff and the two began having sex.

32.     Plaintiff's mother, father, and aunt began thinking that something more than a teacher-student relationship was going on between Plaintiff and Defendant Cross.

33.     As a result, Plaintiff's father went to Buchtel High School and reported his suspicions to the school's management and policymakers, that he believed Defendant Cross was sexually abusing his son to Defendant Powers and Does #1-5.

34.     Nothing was done by any of the Defendants in response to this the parental

notification to Defendants.

35. Plaintiff's father complained to Defendant Powers and Does #1-5 on several other occasions that Defendant Cross was sexually abusing his son.

36. Still nothing was done.

37. Reports of Defendant Cross's inappropriate behavior, relationship, and now reports of sexual abuse were ignored by Defendants Akron Public Schools, James, Powers, and Does #1-5.

38. The effect of Defendants Akron Public Schools, James, Powers, and Does #1-5 knowingly allowing Defendant Cross to maintain and continue this sexual abuse of Plaintiff condoned and facilitated an environment of sexual abuse perpetrated by Defendant Cross upon Plaintiff.

39. The effect of Defendants Akron Public Schools, James, Powers, and Does #1-5 knowingly allowing Defendant Cross to maintain this inappropriate and illegal relationship with Plaintiff empowered and emboldened Defendant Cross to engage in even further offensive and abusive conduct.

40. Defendant Cross exploited the opportunities created by Defendants Akron Public Schools, James, Powers, and Does #1-5 and completed her grooming, sexual harassment, and sexual abuse of the Plaintiff countless times.

**C. Plaintiff moved in with Defendant Cross and attended Tallmadge High School. The sexual abuse was occurring frequently.**

41. In August 2013, Plaintiff was enrolled at Tallmadge High School because he had moved into Defendant Cross's Tallmadge Home.

42. Defendant Cross convinced Plaintiff's mother to give Cross partial custody so that Plaintiff could move in with her.

43. The sexual abuse was occurring frequently during this period of time as well.

44. During the 2013-2014 school year it was well-known in the school community that Defendant Cross and Plaintiff were having sex.

45. When Plaintiff's father became aware that Plaintiff moved in with Defendant Cross he was irate.

46. Plaintiff's father tried to get his son help. Plaintiff's father even went to Tallmadge High School and reported to Defendant Joe Vassalotti and John and Jane Does #6-10 that Defendant Cross was sexually abusing his son.

47. Nothing was done by Defendants.

48. Plaintiff's father complained to Defendant Vassalotti and Does #6-10 on several other occasions that Defendant Cross was sexually abusing his son.

49. Still nothing was done.

50. Reports of Defendant Cross's illegal and inappropriate behavior, relationship, and now reports of sexual abuse were completel ignored by Defendants Tallmadge City Schools, Jeff Ferguson, Joe Vassalotti, and Does #6-10.

51. The effect of Defendants Tallmadge City Schools, Ferguson, Vassalotti, and Does #6-10 knowingly allowing Defendant Cross to maintain this sexual abuse of Plaintiff condoned and facilitated a permissive environment and culture of sexual abuse perpetrated by Defendant Cross upon Plaintiff.

52. The effect of Defendants Tallmadge City Schools, Ferguson, Vassalotti, and Does #6-10 knowingly allowing Defendant Cross to maintain this inappropriate and illegal relationship with Plaintiff empowered and emboldened Defendant Cross to engage in even further offensive and abusive conduct.

53. Defendant Cross exploited the opportunities created by Defendants Tallmadge City Schools, Ferguson, Vassalotti, and Does #6-10 and completed her grooming, sexual harassment, and sexual abuse of the Plaintiff countless times.

54. The sexual abuse of Plaintiff continued during Plaintiff's 10th and 11th grade years.

55. In 2015, the summer before Plaintiff's 12th grade year, Plaintiff's mother found Twitter messages on son's account from Defendant Cross and called the Akron Police they were so horrific.

56. Realizing the sexual abuse was not going to stop, Plaintiff's father came up to Ohio from Alabama and filed for emergency custody with the juvenile court which was immediately granted after the court viewed the Twitter messages.

57. At no time in 2015 was Defendant Cross charged with any crimes for the sexual assault, abuse, and rape she had committed against Plaintiff.

58. Plaintiff went with his father to Alabama to live.

59. While Plaintiff was in Alabama, Defendant Cross applied predatorial forms of manipulation, sabotage, and abuse to make Plaintiff return to live with her in Tallmadge.

60. It was well-known to Defendants Tallmadge City Schools, Ferguson, Vassalotti, and Does #6-10 as well as people and students at Tallmadge High School that Defendant Cross was sexually abusing Plaintiff.

61. In fact, in December 2015, Defendant Cross gave birth to Plaintiff's baby.

62. Plaintiff completed his senior year at Tallmadge High School and graduated in 2016.

63. No one from Akron Public Schools or Tallmadge City Schools ever did anything to help prevent the sexual assault, abuse, and rape of Plaintiff by Defendant Cross

despite knowledge that it was happening.

**D. Policies, Practices and Culpable Conduct.**

64. Defendant Akron Public Schools receive federal funding.

65. Defendant Tallmadge City Schools receive federal funding.

66. Defendants Akron Public Schools and Tallmadge City Schools are responsible for providing public education to minor students, including Plaintiff through: (a) oversight and supervision of all school functions, school property, and school programs; and (b) the hiring, supervision, management, assignment, control, and regulation of individuals who serve as staff members, including but not limited to school teachers, volunteers, PTA members, committee members, and board members.

67. Defendants Akron Public Schools and Tallmadge City Schools are also responsible for all policies and procedures within the school. This charge and responsibility includes but is not limited to the supervision and discipline of teachers.

68. The sexual abuse of Plaintiff occurred while Plaintiff was under the custody and control of Defendant Cross and the remaining Defendants.

69. Despite knowledge of Defendant Cross's sexual assault, abuse, and rape of Plaintiff, Defendants Akron Public Schools, James, Powers, Tallmadge City Schools, Ferguson, Vassalotti, and John and Jane Does #1-10 nevertheless: (a) permitted Defendant Cross to have unsupervised contact with Plaintiff before and after school hours; (b) did not report the acts of Defendant Cross to law enforcement that constituted grooming, sexual harassment, abuse, assault, and rape; (c) did not competently investigate the complaints of Plaintiff's father; (d) did not warn and/or disclose to students the concerns about Defendant Cross; (e) failed to comply with the

duties set forth in district policies and procedures and Ohio and Federal Law; (f) concealed Defendant Cross's sexual grooming, sexual abuse, sexual assault, and rape of Plaintiff; (g) were deliberately indifferent to the safety, security, and well-being of Plaintiff; (h) prevented Plaintiff from receiving an education without a condition of such education being sexual grooming, harassment, abuse, and rape; (i) promoted school policies that fostered a climate to flourish where an innocent student, Plaintiff, was the victim of sexual grooming, harassment, abuse, assault, and rape.

## V. FIRST CAUSE OF ACTION – Title IX, 20 U.S.C. §1681, et seq. (Akron Public Schools and Tallmadge City Schools)

70.     Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

71.     Title IX of the Education Amendments of 1972 requires that "No person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…."

72.     At least by 2011, Akron Public Schools possessed actual notice that it could be liable under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination, and sexual abuse.

73.     At least by 2011, Akron Public Schools possessed actual knowledge of Defendant Cross's sexual harassment, sexual grooming, sexual discrimination, and sexual abuse of Plaintiff.

74.     From 2009-2013, Plaintiff was subjected to discrimination in his education at Akron Public Schools based on his gender in that he suffered teacher-on-student sexual harassment, sexual grooming, sexual abuse, sexual assault, and rape as a condition of

12

his receipt of an education at Akron Public Schools.

75.    Akron Public Schools failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming, sexual abuse, sexual discrimination, sexual assault, and rape to appropriate authorities; (b) failing to cure or even attempt to cure obvious known risks to Plaintiff at Akron Public Schools while placed under the supervision and authority of Defendant Cross; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Cross; and (d) allowing Defendant Cross to have unsupervised contact with Plaintiff without conducting, documenting, and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

76.    At least by 2013, Tallmadge City Schools possessed actual notice that it could be liable under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination, sexual abuse, sexual assault, and rape.

77.    At least by 2013, Tallmadge City Schools possessed actual knowledge of Defendant Cross's sexual harassment, sexual grooming, sexual discrimination, sexual abuse, sexual assault, and rape of Plaintiff.

78.    From 2013-2016, Plaintiff was subjected to discrimination in his education at Tallmadge City Schools based on his gender in that he suffered adult-on-student sexual harassment, sexual grooming, sexual abuse, sexual assault, and rape as a

condition of his receipt of an education at Akron Public Schools.

79.    Tallmadge City Schools failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report adult-on-student sexual harassment, sexual grooming, sexual abuse, sexual discrimination, sexual assault, and rape to appropriate authorities; (b) failing to cure or even attempt to cure obvious known risks to Plaintiff at Tallmadge City Schools; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Cross; and (d) allowing Defendant Cross to have unsupervised contact with Plaintiff without conducting, documenting, and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

80.    The deliberate indifference, actions and omissions, described above caused Plaintiff to suffer criminal sexual abuse, assault, battery, and rape.

81.    Title IX requires Akron Public Schools and Tallmadge City Schools to provide educational opportunity on an equal basis to all students regardless of their gender.

82.    Akron Public Schools and Tallmadge City Schools failed to comply with Title IX in that despite prior reports of misconduct, Akron Public Schools and Tallmadge City Schools to allow Defendant Cross unsupervised access to Plaintiff.

83.    20 U.S.C. § 1981 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorneys' fees as within the remedies available in an action brought pursuant to 20 U.S.C. § 1981.

84. As a direct and proximate result of the conduct of Defendants Akron Public Schools and Tallmadge City Schools, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result has and will continue to experience physical and mental pain and suffering, emotional distress, loss of a normal life, medical and counseling expenses, and lost earnings and wages.

## VI. SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 (Powers, Vassalotti, John and Jane Does #1-10)

85. Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

86. Prior to Plaintiff's abuse by Defendant Cross, Defendant Powers and Does #1-5 knew that Plaintiff was at a severe risk of harm of being sexually abused by Defendant Cross.

87. While Plaintiff was being sexually abused, assaulted, and raped by Defendant Cross Defendant Vassalotti and Does #6-10 were aware of the abuse.

88. Defendants Powers, Vassalotti, and Does #1-10 all turned a blind eye to complaints of sexual harassment, sexual grooming, sexual abuse, and sexual misconduct, ignored complaints, failed to respond to allegations of misconduct, and acted with deliberate indifference to the rights of Plaintiff.

89. Plaintiff was deprived of his constitutional liberty and equal protection interests under the Fourteenth Amendment.

90. The conduct of Powers, Vassalotti, and Does #1-10 fostered a climate to flourish where Plaintiff was left vulnerable to and actually was subjected to sexual abuse,

sexual discrimination, and sexual grooming by Defendant Cross, an agent, servant, volunteer, and/or employee of Akron Public Schools and Tallmadge City Schools.

91. The conduct of Powers, Vassalotti, and Does #1-10 was arbitrary and offensive, shocking the conscience and interfering with Plaintiff's rights and liberties granted by the Constitution and protected by law.

92. 42 U.S.C. § 1983 afford Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorneys' fees as within the remedies available in an action brought pursuant to 42 U.S.C. § 1983.

93. As a direct and proximate result of the conduct of Defendants Powers, Vassalotti, and Does #1-10, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result has and will continue to experience physical and mental pain and suffering, emotional distress, loss of a normal life, medical and counseling expenses, and lost earnings and wages.

94. The conduct of Defendants Powers, Vassalotti, and Does #1-10 constituted a violation of trust or confidence, showing complete indifference to and/or conscious disregard for the safety and well-being of Plaintiff.

95. Justice and public good requires an award of punitive or exemplary damages in such sum which will serve to punish Powers, Vassalotti, and Does #1-10 and to deter like conduct.

96. As a direct and proximate result of the conduct described herein the Plaintiff was permanently physically and emotionally damaged as described herein.

## VII. THIRD CAUSE OF ACTION – 42 U.S.C. § 1983 (Akron Public Schools, James, Tallmadge City Schools, Ferguson, and Does #1-10)

97. Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

98. Akron Public Schools and Tallmadge City Schools established, through both action and inaction, widespread policies, practices, and customs of allowing sexual harassment, sexual grooming, sexual abuse, and sexual misconduct to continue to occur without corrective action.

99. Such policies, practices, and customs include but are not limited to: (a) failing to report adult-on-student sexual harassment, sexual grooming, sexual abuse, sexual discrimination, sexual assault, and rape to appropriate authorities; (b) failing to cure or even attempt to cure obvious known risks to Plaintiff at Tallmadge City Schools; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Cross; and (d) allowing Defendant Cross to have unsupervised contact with Plaintiff without conducting, documenting, and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

100. Akron Public Schools and Tallmadge City Schools established such policies, practices, and customs which fostered a climate facilitating the sexual abuse of Plaintiff by Defendant Cross and evidenced a reckless disregard and/or a deliberate indifference to the consequences that such action or inaction may, and did, have on Plaintiff.

101. Akron Public Schools' and Tallmadge City Schools' board members and

administrators, in particular Defendants James, Ferguson, and Does #1-10 had final policymaking authority of the schools and exercised that granted authority in making decisions that perpetrated and/or allowed the sexual abuse of Plaintiff by Defendant Cross and caused Plaintiff's harm to occur and/or continue.

102. Plaintiff was deprived of his constitutional liberty interest and equal protection under the Fourteenth Amendment by Akron Public Schools' and Tallmadge City Schools' promotion of policies, customs, or practices that fostered a climate to flourish where Plaintiff was left vulnerable to and actually was subjected to sexual abuse and sexual assault by Defendant Cross, an agent, servant, volunteer, and/or employee of Akron Public Schools and Tallmadge City Schools.

103. Defendant Laura Cross's illegal and unconstitutional conduct was known, approved, and ratified by Defendants James, Akron Public Schools, Ferguson, Tallmadge City Schools, and Does #1-10 who then failed to conduct a meaningful and adequate investigation into Defendant Cross's illegal conduct.

104. Akron Public Schools' and Tallmadge City Schools' conduct was arbitrary and offensive, shocking the conscience and interfering with Plaintiff's rights and liberties protected by the Constitution and protected by law.

105. The conduct of Defendants Akron Public Schools and Tallmadge City Schools constituted a violation of trust or confidence, showing complete indifference to and/or conscious disregard for the safety and well-being of Plaintiff.

106. Justice and public good requires an award of punitive or exemplary damages in such sum which will serve to punish Akron Public Schools and Tallmadge City Schools and to deter like conduct.

107.   As a direct and proximate of the conduct illustrated herein the Plaintiff was permanently damaged physically and emotionally as described herein.

### VIII. FOURTH CAUSE OF ACTION –Intentional Infliction of Emotional Distress (All Defendants)

108.   Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

109.   The aforesaid conduct of all Defendants was outrageous.

110.   As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered severe and permanent emotional distressed as outlined above.

### IX. FIFTH CAUSE OF ACTION –Assault and Battery (Defendant Cross)

111.   Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

112.   Defendant Cross, without privilege to do so, committed assault and battery upon Plaintiff as described above.

113.   As a direct and proximate result of Defendant Cross's assault and battery, Plaintiff has suffered the permanent damages outlined above.

### X. SIXTH CAUSE OF ACTION – Negligent, Wanton, and Reckless Conduct (Akron Public Schools, James, Powers, Tallmadge City Schools, Ferguson, Vassalotti, and Does #1-10)

114.   Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

115.   The conduct of Defendants Akron Public Schools, James, Powers, Tallmadge City Schools, Ferguson, Vassalotti, and Does #1-10 described above was negligent, wanton and reckless.

116.   As a direct and proximate result of Akron Public Schools', James's, Powers's,

Tallmadge City Schools', Ferguson's, Vassalotti's, and Does #1-10's conduct, Plaintiff has suffered the permanent damages outlined above.

## XI. SEVENTH CAUSE OF ACTION – State Law Claim for Negligent Hiring, Supervision, and Retention (Akron Pubic Schools, James, Powers, Tallmadge City Schools, Ferguson, Vassalotti, and Does #1-10)

117. Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

118. There was an employment relationship between Defendant Akron Public Schools and Defendant Laura Cross.

119. There was an employment relationship between Defendant Tallmadge City Schools and Defendant Laura Cross.

120. Defendant Cross was incompetent to be involved with children.

121. Defendants Akron Public Schools, James, Powers, Tallmadge City Schools, Ferguson, Vassalotti, and Does #1-10 had actual and constructive knowledge that Defendant Cross was incompetent.

122. Defendant Cross's acts and the acts of the remaining Defendants' caused Plaintiff's injuries.

123. Defendants' negligence in hiring, supervising, and retaining Defendant Cross were the proximate cause of Plaintiff's permanent injuries.

## XI. JURY DEMAND

124. Plaintiff hereby demands a trial by jury of all issues triable by jury.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.      Award Plaintiff compensatory damages in an amount to be shown at trial;

B.      Award Plaintiff punitive damages in an amount to be shown at trial;

C.      Award Plaintiff reasonable attorneys' fees, costs and disbursements;

D.      Award Plaintiff pre and post judgment interest;

E.      Grant Plaintiff such additional relief as the Court deems just and proper.

/s/ Sara Gedeon
Sara Gedeon (0085759)
David B. Malik (0023763)
Malik Law
8437 Mayfield Road, Suite #101
Chesterland, Ohio 44026
440-729-8260
440-490-1177
Dbm50@sbcglobal.net
sgedeon1021@gmail.com

Konrad Kircher (0059249)
RITTGERS & RITTGERS
12 East Warren Street
Lebanon, OH 45036
(513) 932-2115
(513) 218-1252/direct dial
(513) 934-2201/fax
konrad@rittgers.com

Counsel for Plaintiff