UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NED SPRAGLING, II, | ) CASE NO.: 5:18-CV-01969 |
| Plaintiff, | ) JUDGE: JOHN R. ADAMS |
| vs. | ) **MOTION TO DISMISS OF DEFENDANTS AKRON PUBLIC SCHOOLS, DAVID W. JAMES, AND RICKY POWERS** |
| AKRON PUBLIC SCHOOLS, et al., | |
| Defendants | ) |

Now come Defendants, Akron Public Schools, David W. James, and Ricky Powers ("APS Defendants"), by and through counsel, and hereby move this Honorable Court to dismiss with prejudice the claims asserted against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Complaint is barred by the two-year statute of limitations applicable to claims brought under 42 U.S.C. §1983 and Title IX and under state law for the intentional infliction of emotional distress and negligent, wanton, and reckless claims. As more fully set forth in the memorandum attached hereto, Plaintiff's claims are time barred by the statute of limitations and should be dismissed by this Honorable Court.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/Terence L. Williams*
JOHN T. MCLANDRICH (0021494)
TERENCE L. WILLIAMS (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email: jmclandrich@mrrlaw.com
twilliams@mrrlaw.com

Counsel for Defendants Akron Public Schools,
David W. James, and Ricky Powers

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2018, a copy of the foregoing Motion to Dismiss of Defendants Akron Public Schools, David W. James and Ricky Powers was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      */s/Terence L. Williams*
JOHN T. MCLANDRICH (0021494)
TERENCE L. WILLIAMS (0081363)

Counsel for Defendants Akron Public Schools, David W. James, and Ricky Powers

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION AND FACTS**

The present case arises out of the sexual assault of Plaintiff by Defendant Cross when he was a minor and alleged failure of the APS Defendants and other Defendants to take actions to report and/or end the alleged sexual abuse.

Plaintiff alleges that from 2009 until 2012, Defendant Laura Cross began grooming Plaintiff for a sexual relationship. (See Plaintiff's Complaint, ¶¶17-23). Plaintiff claims that the APS Defendants ignored the alleged inappropriate behavior and allowed Defendant Cross to maintain the inappropriate relationship with Plaintiff. (Id. at ¶¶24-27). Plaintiff alleges that when he began his freshman year at Bechtel High School, he commenced a sexual relationship with Defendant Cross and that the APS Defendants did nothing in response to that relationship. (Id. at ¶¶28-40). Critically, Plaintiff alleges that the sexual relationship began after he turned fifteen on September 7, 2012. (Id. at ¶28). Therefore, Plaintiff would have turned 18, the age of majority, on September 7, 2015. (O.R.C. §3109.01).

As a result of these allegations, Plaintiff alleges the following claims: (1) violation of Title IX, 20 U.S.C. §1681, et seq. against Defendant APS; (2) violation of 42 U.S.C. §1983 against Defendant Powers; (3) violation of 42 U.S.C. §1983 against Defendant APS and Defendant James; (4) intentional infliction of emotional distress against the APS Defendants; and (5) negligent, wanton, and reckless conduct against the APS Defendants. As discussed below, due to the date of accrual of Plaintiff's claims against the APS Defendants, his age of majority and the filing date of this Complaint, each of his claims are barred by the statute of limitations and the APS Defendants are entitled to judgment as a matter of law.

## II. LAW AND ARGUMENT

### A. Standard for Deciding a Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must decide whether the moving defendant has shown that the plaintiff can prove no set of facts entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A court will dismiss a complaint for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In making this determination, a court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir.2001).

### B. Plaintiff's Claims Against the APS Defendants are Barred by the Statute of Limitations for Claims under Title IX and §1983.

The relevant statute of limitations for §1983 actions arising in the State of Ohio is two years from the time the claim accrued. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Further, the relevant statute of limitations for claims arising under Title IX is also two years. *Adams v. Ohio University*, 300 F. Supp.3d 983, 996 (S.D. 2018); citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (the relevant statute of limitations for Title IX actions is the limitations period applicable to personal injury actions); R.C. 2305.10 (personal injury actions in Ohio are governed by two year statute of limitations).

Plaintiff's causes of action accrued at the time of the assault, and the two year statute of limitations began to run on the date he reached the age of majority. A minor, who is the victim of sexual abuse has two years from the date he or she reaches the age of majority to bring claims

5

against an employer of the perpetrator when the victim knew the identity of the perpetrator, knew the employer of the perpetrator, and was fully aware of the fact that the battery occurred. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491 (2006). Therefore, the two year statute of limitations began to run when Plaintiff reached the age of majority, his 18th birthday (September 7, 2015).

Plaintiff's Complaint alleges that the proper statute of limitations is the twelve year statute of limitations set forth under R.C. 2305.111(C). However, the Northern District Court of Ohio rejected this very argument in *Fudge v. Watson*, N.D. Eastern Division 4:12CV2428, 2013 WL 496017 (N.D. Ohio 2013), a copy of which is attached. In rejecting this argument, the *Fudge* court quoted the United States Supreme Court:

> Recognizing the problems inherent in the case-by-case approach, we determined that 42 U.S.C. §1988 requires courts to borrow and apply to all §1983 claims the one most analogous state statute of limitations. We concluded, based upon the legislative history of §1983 and the wide array of claims now embraced by that provision, that §1983 "confer[s] a general remedy for injuries to personal rights." **Because "§1983 claims are best characterized as personal injury actions" we held that a State's personal injury statute of limitations should be applied to all §1983 claims.**

Id. at *4. (Internal citations omitted) (Emphasis in original). Therefore, the *Fudge* court held the two year statute of limitations governed the §1983 civil rights claims brought by the plaintiffs and not the statute of limitations set forth in R.C. 2305.111(C). As previously noted, the 6th Circuit has held the statute of limitations for Title IX is the same as for §1983 claims.

Based on the above, Plaintiff's claims under §1983 and Title IX are time barred. Plaintiff reached the age of majority on his eighteenth birthday, September 7, 2015. Thus, Plaintiff had until September 7, 2017 to file his Complaint. However, Plaintiff did not file his Complaint against the APS Defendants until August 27, 2018, almost a full year after the statute of limitations ran.

As a result, Plaintiff's §1983 and Title IX claims against the APS Defendants fail as a matter of law.

C. **Plaintiff's Claims Against the APS Defendants are Barred by the Statute of Limitations Under R.C. §2744.04.**

Revised Code §2744.04 provides the applicable statute of limitations governing actions against political subdivisions. It states as follow:

> (A) An action against a political subdivision to recover damages for injury, death or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action accrues […]. The period of limitation contained in this division shall be tolled pursuant to section 2305.16 of the Revised Code. This division applies to actions brought against political subdivisions by all person, governmental entities, and the state.

Moreover, the statute of limitations under R.C. §2744.04 applies to employees of political subdivisions, even for a claim of intentional infliction of emotional distress. *Gnezda v. City of North Royalton*, 2004-Ohio-1678, ¶15 (explaining that two-year statute of limitations under section 2744.04(A) applies because special provision governing the statute of limitations in tort cases against political subdivisions prevails over the general statutes of limitations contained in Ohio Revised Code Chapter 2305). Thus, the statute of limitations applicable to Plaintiff's claims against the APS Defendants for both intentional infliction of emotional distress and negligence, wanton and reckless conduct is two years.

Here, the statute tolled under R.C. §2305.16 until Plaintiff reached the age of majority. However, Plaintiff's eighteenth birthday was September 7, 2015. He filed his Complaint on August 27, 2018, more than two years after reaching the age of majority.

As a result, Plaintiff's claims for intentional infliction of emotional distress and negligence, wanton and reckless conduct fail as a matter of law and should be dismissed with prejudice as to the APS Defendants.

## III. **CONCLUSION**

Plaintiff's claims arise from the sexual abuse involving Defendant Cross and the alleged failure of the APS Defendants, and other Defendants, to report and/or take actions to stop that alleged abuse. However, each of Plaintiff's claims are subject to a two year statute of limitations. Each of the claims as alleged accrued at the time the assault occurred or alleged failure to report and the statute of limitations began to run on the day Plaintiff reached the age of majority, his eighteenth birthday (September 7, 2015). Therefore, Plaintiff was required to bring his claims by September 7, 2017. Plaintiff filed his Complaint on August 27, 2018, well outside the two year statute of limitations. As a result, Plaintiff's claims are time barred and each of his claims against the APS Defendants should be dismissed.

WHEREFORE, as a matter of law, Defendants, Akron Public Schools, David W. James, and Ricky Powers, respectfully move this Court to issue an ORDER dismissing Plaintiff's claims with prejudice.

TRID-180263/Ds Motion to Dismiss