**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NED SPRAGLING, II,** | ) | **CASE NO. 5:18-CV-01969** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **-vs.-** | ) | |
| | ) | **DEFENDANTS TALLMADGE CITY** |
| **AKRON PUBLIC SCHOOLS, et al.,** | ) | **SCHOOLS BOARD OF EDUCATION'S,** |
| | ) | **JEFF   FERGUSON'S,   AND   JOE** |
| **Defendants.** | ) | **VASSALOTTI'S MOTION FOR** |
| | ) | **JUDGMENT ON THE PLEADINGS** |
| | ) | |

Defendants Tallmadge City Schools Board of Education, improperly named in the complaint of Plaintiff Ned Spragling, II as Tallmadge City Schools,[1] Jeff Ferguson, and Joe Vassalotti,[2] by and through their undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully request that the Court enter judgment on the pleadings in favor of the Tallmadge Defendants as to each of the plaintiff's claims against them.

The Tallmadge Defendants are entitled to judgment as a matter of law in their favor, even assuming the allegations of the plaintiff's complaint to be true.  A two-year statute of limitation bars the plaintiff's federal claims against the Tallmadge Defendants.  A separate two-year statute of limitations bars the plaintiff's state law claims against the Tallmadge Defendants.  Because the plaintiff did not commence his action within the applicable limitation periods, judgment as a matter of law in favor of the Tallmadge Defendants as to all claims is appropriate.  Yet even if the plaintiff could somehow circumvent the applicable limitation periods, the plaintiff's

---

[1] The Tallmadge City Schools Board of Education, improperly named in the plaintiff's complaint as Tallmadge City Schools, is hereinafter referred to as "the Tallmadge Board."

[2] The Tallmadge Board, Mr. Ferguson, and Mr. Vassalotti are hereinafter collectively referred to as "the Tallmadge Defendants."

allegations are legally insufficient to state a claim upon which the Court may grant relief against

the Tallmadge Defendants.

A memorandum in support of this motion is attached hereto and fully incorporated herein

by reference.

Respectfully submitted,

*/s/ Markus E. Apelis* .
**MARKUS E. APELIS (0083884)**
GALLAGHER SHARP LLP
Bulkley Building – Sixth Floor
1501 Euclid Avenue
Cleveland, Ohio 44115
Phone: (216) 241-5310
Fax:    (216) 241-1608
Email: mapelis@gallaghersharp.com
*Attorney for the Defendants*
*Tallmadge City Schools Board of Education,*
*Jeff Ferguson, and Joe Vassalotti*

**DEFENDANTS TALLMADGE CITY SCHOOLS BOARD OF EDUCATION'S, JEFF FERGUSON'S, AND JOE VASSALOTTI'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

**Page No.**

TABLE OF AUTHORITIES ........................................................................ iii

STATEMENT OF LEGAL ISSUES TO BE DECIDED ............................. vii

SUMMARY OF LEGAL ARGUMENT PRESENTED ............................. viii

I.    INTRODUCTION AND STATEMENT OF FACTS ........................... 1

II.   LAW AND ARGUMENT ................................................................... 2

    A.   Legal Standard: Fed. R. Civ. P. 12(c) ...................................... 2

    B.   The Court Should Dismiss the Plaintiff's Federal Claims Against the Tallmadge Defendants (Count 1, Count 2, and Count 3) Because the Expiration of the Two-Year Statute of Limitation Bars Those Claims. .......................................................................... 4

    C.   The Court Should Dismiss the Plaintiff's State Law Claims Against the Tallmadge Defendants (Count 4, Count 6, and Count 7) Because the Expiration of the Two-Year Statute of Limitation Bars Those Claims. ................................................... 7

    D.   The Court Should Dismiss the Plaintiff's State Law Claims Against the Tallmadge Board (Count 4, Count 6, and Count 7) Because the Tallmadge Board is Immune From Suit. ............... 9

        1.   The Tallmadge Board is Immune Because It is a Political Subdivision Performing a Governmental Function. ................... 10

        2.   No Exception Removes the General Grant of Immunity to the Tallmadge Board. ................................................................ 12

    E.   The Court Should Dismiss the Plaintiff's State Law Claims Against Mr. Ferguson and Mr. Vassalotti (Count 4, Count 6, and Count 7) Because They are Also Immune From Suit, and Because the Allegations of the Plaintiff's Complaint Fail to State Viable Claims. ........................................................................................ 15

        1.   The Plaintiff Fails to Plead a Legally Sufficient Claim for Intentional Infliction of Emotional Distress Against Mr. Ferguson and Mr. Vassalotti (Count 4) ........................................ 15

        2.   Statutory Immunity Imposes an Absolute Bar to the Plaintiff's Negligence Claims Against Mr. Ferguson and Mr. Vassalotti (Count 6 and Count 7) ........................................ 17

3.      The Plaintiff Fails to Plead a Legally Sufficient Claim for
        Negligent Hiring, Retention, and Supervision Against Mr.
        Ferguson and Mr. Vassalotti (Count 7)........................................ 18

III.    CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Adams v. Ohio Univ.*, 300 F. Supp. 3d 983, 996 (S.D. Ohio 2018) ................................................. 5

*Adamsky v. Buckeye Loc. Sch. Dist.*, 73 Ohio St. 3d 360, 361, 653 N.E.2d 212 (Ohio 1995) ..... 10

*Aratari v. Leetonia Exempt Vill. Sch. Dist.*, 2007-Ohio-1567 (Ohio Ct. App. 2007)................... 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................................... 3

*Browning v. Ohio State Highway Patrol*, 151 Ohio App. 3d 798, 810,
    786 N.E.2d 94 (Ohio Ct. App. 2003)................................................................................... 19

*Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1985)............................................................ 4

*Colbert v. City of Cleveland*, 99 Ohio St. 3d 215, 216, 790 N.E.2d 781 (Ohio 2003) ............ 9, 12

*Coley v. Lucas Cty.*, N.D. Ohio No. 3:09-CV-00008,
    2014 WL 273211, *14-*15 (Jan. 23, 2014)...................................................................... 16, 17

*Doe v. Marlington Local Sch. Dist. Bd. of Educ.*, 122 Ohio St. 3d 12, 15,
    907 N.E.2d 706 (Ohio 2009)............................................................................................... 11

*Elston v. Howland Loc. Sch.*, 113 Ohio St. 3d 314, 317, 865 N.E.2d 845 (Ohio 2007)............... 11

*Evans v. Ohio State Univ.*, 112 Ohio App. 3d 724, 739,
    680 N.E.2d 161 (Ohio Ct. App. 1996).................................................................................. 19

*Fabrey v. McDonald Vill. Police Dep't*, 70 Ohio St. 3d 351, 356,
    639 N.E.2d 31 (Ohio 1994).................................................................................................. 18

*Fudge v. Watson*, N.D. Ohio No. 4:12-CV-02428, 2013 WL 496017 (Feb. 7, 2013)............... 4, 6

*Fuller v. Cuyahoga Metro. Housing Auth.*, 334 Fed. App'x 732 (6th Cir. 2009) ....................... 14

*Giffin v. Case Western Reserve Univ.*, 181 F.3d 100 (6th Cir. 1999)............................................. 5

*Gnezda v. City of North Royalton*, 2004-Ohio-1678, ¶ 15 (Ohio Ct. App. 2004) ..................... 7, 8

*Hady v. Hunt-Wesson, Inc.*, 63 F. Supp. 2d 830, 831 (N.D. Ohio 1999)........................................ 4

*Hawkins v. Bruner*, N.D. Ohio No. 1:14-CV-01990, 2015 WL 418166 (Feb. 2, 2015)............. 7, 8

*Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 744 (N.D. Ohio 2008) ..................................... 14

*Hubbard v. Canton City Sch. Bd. of Educ.*, 97 Ohio St. 3d 451,
    780 N.E.2d 543 (Ohio 2002).................................................................... 10, 11, 12, 13

*Johnson v. J.B. Hunt Transport, Inc.*, N.D. Ohio No. 3:09-CV-01352,
    2009 WL 4282941, *6 (Nov. 30, 2009)................................................................................ 19

*Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006)........................................................................... 3

*Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 870-71 (N.D. Ohio 2013)......................... 16

*Lambert v. Clancy*, 125 Ohio St. 3d 231, 234, 927 N.E.2d 585 (Ohio 2010).............................. 18

*Lassen v. Lorain Cty.*, N.D. Ohio No. 1:13-CV-01938,
2014 WL 3511010, *8 (July 14, 2014) ................................................................. 18

*Lausin ex rel. Lausin v. Bishko*, 727 F. Supp. 2d 610, 631 (N.D. Ohio 2010) ............................ 10

*Leonard v. Compton*, N.D. Ohio No. 1:03-CV-01838,
2005 WL 1460165, *10 (June 17, 2005) ................................................................. 14

*Lillard v. Shelby Cty.*, 76 F.3d 716 (6th Cir. 1996) ................................................................. 5

*Lisboa v. Reid*, 2011-Ohio-5482, ¶ 9 (Ohio Ct. App. 2011) ................................................................. 7, 8

*M.B. v. Elyria City Bd. of Educ.*, 2006-Ohio-4533 (Ohio Ct. App. 2006) ................................... 11

*M.T. v. Benton-Carrol-Salem Loc. Sch. Dist.*, N.D. Ohio No. 16-CV-02552,
2017 WL 2119346, *5 (May 16, 2017) ................................................................. 14

*Maldonado v. Helscel*, N.D. Ohio No. 4:11-CV-1547, 2011 WL 5971014 (Nov. 28, 2011) ........ 4

*Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp. 2d 913, 918 (N.D. Ohio 2011) .......... 3

*O'Connor v. Kelty*, N.D. Ohio No. 4:10-CV-00338, 2013 WL 322199 (Jan. 24, 2013) ............... 4

*Perkins v. Norwood City Schs.*, 85 Ohio St. 3d 191, 707 N.E.2d 868 (Ohio 1999) ..................... 11

*Phelps v. McClelland*, 30 F.3d 658, 663 (6th Cir. 1994) ................................................................. 4

*Piispanen v. Carter*, 2006-Ohio-2382 (Ohio Ct. App. 2006) ................................................................. 11

*Printup v. Ohio Dep't of Job & Family Servs.*, 654 Fed. App'x 781 (6th Cir. 2016) ................... 4

*Read v. Fairview Park*, 146 Ohio App. 3d 15, 19-20, 764 N.E.2d 1079 (Ohio Ct. App. 2001) .... 7

*Reese v. Ohio Dep't of Rehab. & Corrs.*, 6th Cir. No. 17-3380,
2018 WL 4998188 (June 21, 2018) ................................................................. 4

*Risner v. ShopKo Stores, Inc.*, 325 F. Supp. 2d 825, 829 (N.D. Ohio 2004) ............................... 19

*Snyder v. United States*, 590 Fed. App'x 505, 512 (6th Cir. 2014) ................................................................. 16

*Stew Farm, Ltd. v. Natural Resource Conservation Serv.*, 967 F. Supp. 2d 1164,
1174-1175 (S.D. Ohio 2013) ................................................................. 7, 8

*Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008) ................... 15

*Taylor v. Mahoning Cty. Children Servs. Bd.*, N.D. Ohio No. 4:11-CV-00028,
2012 WL 2886002 *9 (July 13, 2012) ................................................................. 14

*Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*,
615 F.3d 622, 627 (6th Cir. 2010) ................................................................. 3

*Trehan v. Morton*, N.D. Ohio No. 3:99-CV-07700, 2000 WL 621145 (Mar. 15, 2000) ............... 7

*Waltherr-Williams v. Mariemont City Schs.*, S.D. Ohio Case No. 1:12-CV-00476,
2013 U.S. Dist. LEXIS 4152 (S.D. Ohio Jan. 9, 2013) ................................................................. 10

*Watson v. City of Cleveland*, 202 Fed. App'x 844, 857 (6th Cir. 2006) ....................................... 19

*Wilson v. Stark Cty. Dep't of Human Servs.*, 70 Ohio St. 3d 450, 452,
639 N.E.2d 105 (Ohio 1994) ................................................................. 13

iv

*Wood v. Summit Cty. Fiscal Office*, 579 F. Supp. 2d 935, 966 (N.D. Ohio 2008) ....................... 14

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).................................................. 3

*Y.S. v. Mathews Loc. Sch. Dist. Bd. of Educ.*, 766 F. Supp. 2d 839,
    843 (N.D. Ohio. 2011) ........................................................................................................ 11, 14

*Yeager v. Loc. Union 20*, 6 Ohio St. 3d 369, 453 N.E.2d 666 (Ohio 1983) ................................. 15

**Rules**

Fed. R. Civ. P. 12(c) ............................................................................................................... 2, 4

**Statutes**

20 U.S.C. § 1681 ........................................................................................................................ 5

42 U.S.C. § 1983 ........................................................................................................................ 4

Ohio Rev. Code § 2305.10 .................................................................................................. 4, 5, 6

Ohio Rev. Code § 2305.111(C) ................................................................................................... 6

Ohio Rev. Code § 2305.16 .................................................................................................. 5, 7, 8

Ohio Rev. Code § 2744.01(C)(2)(c) .......................................................................................... 11

Ohio Rev. Code § 2744.01(F) ................................................................................................... 10

Ohio Rev. Code § 2744.02(A)(1) .............................................................................................. 10

Ohio Rev. Code § 2744.02(B)(1) .............................................................................................. 13

Ohio Rev. Code § 2744.02(B)(2) .............................................................................................. 13

Ohio Rev. Code § 2744.02(B)(3) .............................................................................................. 13

Ohio Rev. Code § 2744.02(B)(4) .............................................................................................. 13

Ohio Rev. Code § 2744.02(B)(5) .............................................................................................. 13

Ohio Rev. Code § 2744.03(A)(6) .............................................................................................. 17

Ohio Rev. Code § 2744.03(A)(6)(a) .......................................................................................... 18

Ohio Rev. Code § 2744.03(A)(6)(b) .......................................................................................... 18

Ohio Rev. Code § 2744.03(A)(6)(c) .......................................................................................... 18

Ohio Rev. Code § 2744.04(A) ................................................................................................. 7, 8

Ohio Rev. Code § 3109.01 ..................................................................................................... 5, 8

Ohio Rev. Code § 3313.17 ........................................................................................................ 10

## STATEMENT OF LEGAL ISSUES TO BE DECIDED

1.      The Tallmadge Defendants are entitled to judgment as a matter of law as to the plaintiff's federal claims (Count 1, Count 2, and Count 3) because the plaintiff failed to assert these claims before the two-year statute of limitation expired.

2.      The Tallmadge Defendants are entitled to judgment as a matter of law as to the plaintiff's state law claims (Count 4, Count 6, and Count 7) because the plaintiff failed to assert these claims before a separate, two-year statute of limitation expired.

3.      The Tallmadge Board is entitled to judgment as a matter of law as to the plaintiff's state law claims (Count 4, Count 6, and Count 7) because the Tallmadge Board is immune from suit.

4.      Mr. Ferguson and Mr. Vassalotti are entitled to judgment as a matter of law as to the plaintiff's state law claims (Count 4, Count 6, and Count 7) because they are immune from allegations of negligence, and because the plaintiff fails to plead sufficient factual allegations in support of his claims.

## SUMMARY OF LEGAL ARGUMENT PRESENTED

1.      **The Tallmadge Defendants are entitled to judgment as a matter of law as to the plaintiff's federal claims (Count 1, Count 2, and Count 3) because the plaintiff failed to assert these claims before the two-year statute of limitation expired.**  Federal courts have held that federal civil rights claims arising in Ohio and alleging violations of Title IX or § 1983 are subject to the two-year limitation period set forth in Ohio Rev. Code § 2305.10.  *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1985); *Giffin v. Case Western Reserve Univ.*, 181 F.3d 100 (6th Cir. 1999); *Fudge v. Watson*, N.D. Ohio No. 4:12-CV-02428, 2013 WL 496017 (Feb. 7, 2013).  That limitation period is tolled for periods of disability, such as a claim in favor of a minor.  *See* Ohio Rev. Code § 2305.16.  Even accepting the plaintiff's allegations as true, the alleged conduct of the Tallmadge Defendants that forms the basis of his claims occurred in 2013, 2014, and 2015.  The limitation period began to run on such claims when the plaintiff turned 18 years old on September 7, 2015, expiring on September 7, 2017.  Even viewing the plaintiff's allegations more broadly, and accounting for the alleged, unspecified discriminatory conduct that occurred in 2016, the latest possible conduct occurred up until the plaintiff graduated from high school in June 2016.  The limitation period for such conduct would have expired two years later, in June 2018.  The plaintiff, however, did not file his lawsuit until August 27, 2018, well beyond the expiration of the two-year statute of limitation.

2.      **The Tallmadge Defendants are entitled to judgment as a matter of law as to the plaintiff's state law claims (Count 4, Count 6, and Count 7) because the plaintiff failed to assert these claims before a separate, two-year statute of limitation expired.**  Federal courts applying Ohio law have held that Ohio law imposes a separate, two-year limitations period on state law claims against political subdivisions and their employees.  *See* Ohio Rev.

Code § 2744.04(A); *Hawkins v. Bruner*, N.D. Ohio No. 1:14-CV-01990, 2015 WL 418166 (Feb. 2, 2015); *see also Gnezda v. City of North Royalton*, 2004-Ohio-1678, ¶ 15 (Ohio Ct. App. 2004). That limitation period is likewise tolled during a period of minority. *See* Ohio Rev. Code § 2305.16. Even accepting the plaintiff's allegations as true, the alleged conduct of the Tallmadge Defendants that forms the basis of his claims occurred in 2013, 2014, and 2015, and could not have occurred any later than his graduation from high school in June 2016. The plaintiff, however, did not file his lawsuit until August 27, 2018, well beyond the expiration of the two-year statute of limitation.

3. **The Tallmadge Board is entitled to judgment as a matter of law as to the plaintiff's state law claims (Count 4, Count 6, and Count 7) because the Tallmadge Board is immune from suit.** The Tallmadge Board is a political subdivision engaged in a governmental function. As such, it enjoys blanket immunity from suit, subject to certain, limited exceptions. *See* Ohio Rev. Code § 2744.01, *et seq.*; *Colbert v. City of Cleveland*, 99 Ohio St. 3d 215, 216, 790 N.E.2d 781 (Ohio 2003); *Doe v. Marlington Local Sch. Dist. Bd. of Educ.*, 122 Ohio St. 3d 12, 15, 907 N.E.2d 706 (Ohio 2009).

None of these limited exceptions applies to remove the Tallmadge Board's immunity from the plaintiff's state law claims. *See* Ohio Rev. Code § 2744.02(B); *Wilson v. Stark Cty. Dep't of Human Servs.*, 70 Ohio St. 3d 450, 452, 639 N.E.2d 105 (Ohio 1994); *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 744 (N.D. Ohio 2008); *M.T. v. Benton-Carrol-Salem Loc. Sch. Dist.*, N.D. Ohio No. 16-CV-02552, 2017 WL 2119346, *5 (May 16, 2017).

4. **Mr. Ferguson and Mr. Vassalotti are entitled to judgment as a matter of law as to the plaintiff's state law claims (Count 4, Count 6, and Count 7) because they are immune from allegations of negligence, and because the plaintiff fails to plead sufficient**

**factual allegations in support of his claims.**  As employees of a political subdivision, Mr. Ferguson and Mr. Vassalotti are immune from allegations of negligence.  *See* Ohio Rev. Code § 2744.03(A)(6); *Lambert v. Clancy*, 125 Ohio St. 3d 231, 234, 927 N.E.2d 585 (Ohio 2010); *Lassen v. Lorain Cty.*, N.D. Ohio No. 1:13-CV-01938, 2014 WL 3511010, *8 (July 14, 2014).

Moreover, the plaintiff's complaint contains no allegation that either Mr. Ferguson or Mr. Vassalotti intended to cause the plaintiff serious emotional distress, or knew or should have known that their alleged conduct would result in serious emotional distress.  The lack of such an allegation is fatal to the plaintiff's claim for intentional infliction of emotional distress.  *See Snyder v. United States*, 590 Fed. App'x 505, 512 (6th Cir. 2014); *Coley v. Lucas Cty.*, N.D. Ohio No. 3:09-CV-00008, 2014 WL 273211, *14-*15 (Jan. 23, 2014); *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 870-71 (N.D. Ohio 2013).

Likewise, the plaintiff does not allege that Mr. Ferguson or Mr. Vassalotti had an employment relationship with Defendant Cross.  The lack of such an allegation is fatal to the plaintiff's claim for negligent hiring, retention, and supervision.  *Watson v. City of Cleveland*, 202 Fed. App'x 844, 857 (6th Cir. 2006); *Johnson v. J.B. Hunt Transport, Inc.*, N.D. Ohio No. 3:09-CV-01352, 2009 WL 4282941, *6 (Nov. 30, 2009); *Evans v. Ohio State Univ.*, 112 Ohio App. 3d 724, 739, 680 N.E.2d 161 (Ohio Ct. App. 1996).

## I.    INTRODUCTION AND STATEMENT OF FACTS

This matter arises out of the sexual assault of Plaintiff Ned Spragling, II at the hands of Defendant Laura Lynn Cross.  Defendant Cross was the plaintiff's teacher in the Akron Public Schools.  She was a resident of nearby Tallmadge, Ohio, but did not teach in the Tallmadge City Schools.  The plaintiff alleges that, from 2009 until 2012, while a student at Innes and Buchtel Middle Schools in Akron, Defendant Cross began grooming him for an inappropriate sexual teacher-student relationship.  (*See* Pl.'s Compl. ¶¶ 17-18, 20-23, ECF Doc. 1.)  During the 2012-2013 school year, while a student at Buchtel High School, the plaintiff alleges that he was living at Defendant Cross' home, and that they began having sexual intercourse.  (*Id.* at ¶¶ 30-31.)

In 2013, the plaintiff transferred to Tallmadge High School for his sophomore year.  The plaintiff alleges that sexual intercourse and other sexual abuse at the hands of Defendant Cross continued over an unspecified period of time in 2013, 2014, and 2015.  (*Id.* at ¶¶ 43-44, 54.)  All of this conduct occurred while the plaintiff was a minor, until his 18th birthday on September 7, 2015.  (*Id.* at ¶ 28.)  The plaintiff also alleges that he was the subject of unspecified discrimination in 2016 while he was a Tallmadge High School student.  (*Id.* at ¶ 78.)

As a result of Defendant Cross' abuse of the plaintiff, he filed this lawsuit against Defendant Cross, the Akron Public Schools, Akron Public Schools Superintendent David James, Akron Public Schools Coach Ricky Powers, Tallmadge City Schools, Tallmadge City Schools Superintendent Jeff Ferguson, and Tallmadge City Schools Coach Joe Vassalotti.[3]

The plaintiff asserts the following claims against the various Tallmadge Defendants: (1) violation of Title IX, 20 U.S.C. § 1681, *et seq.* (Count 1), (2) violation of 42 U.S.C.§ 1983 (Count 2 and Count 3), (3) state law intentional infliction of emotional distress (Count 4), (4)

---

[3] The Tallmadge City Schools Board of Education, the appropriate legal entity, is referred to as "the Tallmadge Board."  The Tallmadge Board, Mr. Ferguson, and Mr. Vassalotti are collectively referred to as "the Tallmadge Defendants."

state law negligence, wanton, and reckless conduct (Count 6), and (5) state law negligent hiring, supervision, and retention (Count 7).

The Tallmadge Defendants now seek dismissal of the plaintiff's claims as a matter of law.  A two-year statute of limitation bars the plaintiff's federal Title IX and § 1983 claims (Count 1, Count 2, and Count 3).  Because the plaintiff did not file his lawsuit until after the two-year limitation period expired, dismissal of the federal claims is appropriate.  Dismissal of the plaintiff's various state law claims is also appropriate, as a separate two-year statute of limitation bars the plaintiff's state law claims (Count 4, Count 6, and Count 7).  Yet even if the plaintiff had timely filed his state law claims against the Tallmadge Defendants, the Tallmadge Defendants are variously entitled to statutory immunity from certain of these claims.  The other state law claims fail because the plaintiff has not pled sufficient, plausible factual allegations to support these claims.

For these reasons, as set forth fully below, the Tallmadge Defendants respectfully request that the Court enter judgment as a matter of law in their favor as to each of the plaintiff's claims against the Tallmadge Defendants.

## II.  LAW AND ARGUMENT

### A.  Legal Standard: Fed. R. Civ. P. 12(c)

The Federal Rules of Civil Procedure provide for the disposition of litigation when the pleadings are closed, but before discovery commences, when the allegations set forth in the pleadings are legally insufficient to support a claim for relief: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Review of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard applied to motions to dismiss a complaint submitted pursuant to

Fed. R. Civ. P. 12(b)(6).  *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006).  The United States Sixth Circuit Court of Appeals holds that, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  The court need not, however, "accept as true conclusions of law or unwarranted inferences case in the form of factual allegations."  *Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp. 2d 913, 918 (N.D. Ohio 2011).

To survive such a motion, a plaintiff "must allege enough facts to state a claim to relief that is plausible on its face."  *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "requires more than labels and conclusions – a formulaic recitation of the elements of a cause of action will not suffice."  *Michael*, 825 F. Supp. 2d at 918 (citing *Twombly*, 550 U.S. at 555.)  The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true[.]"  *Id.*

In this instance, the Tallmadge Defendants are entitled to judgment as a matter of law in their favor, even assuming the allegations of the plaintiff's complaint to be true.  First, a two-year statute of limitation bars the plaintiff's federal claims against the Tallmadge Defendants.  Second, a separate two-year statute of limitation bars the plaintiff's state law claims against the Tallmadge Defendants.  Because the plaintiff did not commence his action within the applicable limitation periods, judgment as a matter of law in favor of the Tallmadge Defendants is appropriate.  Third, even if the plaintiff could somehow circumvent the applicable limitation

periods, the plaintiff's allegations are legally insufficient to state a claim upon which the Court may grant relief against the Tallmadge Defendants.

> **B.**     **The Court Should Dismiss the Plaintiff's Federal Claims Against the Tallmadge Defendants (Count 1, Count 2, and Count 3) Because the Expiration of the Two-Year Statute of Limitation Bars Those Claims.**

Both the Sixth Circuit and this Court have held that a Rule 12(c) motion for judgment on the pleadings is the appropriate procedural vehicle for disposing of a time-barred complaint.  As the Sixth Circuit has recognized, "judgment on the pleadings under Fed. R. Civ. P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim." *Phelps v. McClelland*, 30 F.3d 658, 663 (6th Cir. 1994).  This Court has similarly held that a "motion for judgment on the pleadings is appropriate when, as here, the statute of limitations is alleged to bar the plaintiff's claim." *Hady v. Hunt-Wesson, Inc.*, 63 F. Supp. 2d 830, 831 (N.D. Ohio 1999).

The Sixth Circuit has held that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1985).  The Sixth Circuit continues to adhere to this limitation period. *Reese v. Ohio Dep't of Rehab. & Corrs.*, 6th Cir. No. 17-3380, 2018 WL 4998188 (June 21, 2018); *Printup v. Ohio Dep't of Job & Family Servs.*, 654 Fed. App'x 781 (6th Cir. 2016).  This Court has repeatedly applied the same limitation period. *See Fudge v. Watson*, N.D. Ohio No. 4:12-CV-02428, 2013 WL 496017 (Feb. 7, 2013); *O'Connor v. Kelty*, N.D. Ohio No. 4:10-CV-00338, 2013 WL 322199 (Jan. 24, 2013); *Maldonado v. Helscel*, N.D. Ohio No. 4:11-CV-1547, 2011 WL 5971014 (Nov. 28, 2011).

Federal courts in this circuit have similarly held that a state's general personal injury statute of limitation is also the appropriate limitation period for Title IX, 20 U.S.C. § 1681, claims. *Giffin v. Case Western Reserve Univ.*, 181 F.3d 100 (6th Cir. 1999) (affirming dismissal of Title IX claim as barred by Ohio two-year statute of limitation); *Lillard v. Shelby Cty.*, 76 F.3d 716 (6th Cir. 1996); *Adams v. Ohio Univ.*, 300 F. Supp. 3d 983, 996 (S.D. Ohio 2018).

In Ohio, the general statute of limitation for personal injury actions sounding in tort is two-years.  Ohio Rev. Code § 2305.10.  Under Ohio law, a limitation period is tolled during a plaintiff's minority.  *See* Ohio Rev. Code § 2305.16.  As such, the two-year limitation period for claims arising during a plaintiff's minority begins to run on the plaintiff's 18th birthday and expires two years thereafter.  *Id.*; Ohio Rev. Code § 3109.01.

In this matter, the plaintiff alleges that he was the subject of sexual abuse at the hands of Defendant Cross beginning as early as 6th grade in 2009, while he was a student at Innes Middle School in Akron.  (Pl.'s Compl. ¶¶ 17-18, ECF Doc. 1.)  He further alleges that this misconduct continued while a student at Buchtel Middle School and Buchtel High School in Akron during the 2011-2012 and 2012-2013 school years.  (*Id.* at ¶¶ 20-23, 30-31.)  The first allegations that even remotely involve the Tallmadge Defendants center on conduct that occurred when the plaintiff was in the 10th, 11th, and 12th grades, from 2013 until some unspecified date in 2015.  (*Id.* at ¶¶ 43-44, 54.)  The plaintiff also alleges that he was the subject of unspecified discrimination in 2016 while he was a Tallmadge High School student.  (*Id.* at ¶ 78.)

The plaintiff turned 15 years old on September 7, 2012.  (*Id.* at ¶ 28.)  As such, he reached the age of majority when he turned 18 years old on September 7, 2015.  *See* Ohio Rev. Code § 3109.01.  As discussed above, the plaintiff had two years from that date, until September 7, 2017.  He failed to file his complaint until nearly one year later, on August 27, 2018.  (*See id.*)

5

Even if the plaintiff alleges wrongdoing on the part of the Tallmadge Defendants beyond his 18th birthday, the two-year statute of limitation nevertheless bars his claims. The plaintiff graduated from Tallmadge High School in June 2016. (Tallmadge Def.s' Ans. ¶ 62, ECF Doc. 13.) When he graduated, he was no longer a student of Tallmadge City Schools, and the Tallmadge Defendants no longer had any involvement with the plaintiff. As such, the absolute latest date that the plaintiff could file his lawsuit against the Tallmadge Defendants was two years from the date of his graduation, in June 2018. The plaintiff, however, did not file his complaint until August 27, 2018 – still beyond the expiration of the limitation period. (*See* Pl.'s Compl., ECF Doc. 1.)

In an effort to expand the limitation period, and avoid dismissal of his claims, the plaintiff alleges that a 12-year statute of limitation set forth in Ohio Rev. Code § 2305.111(C) applies to rescue his § 1983 and Title IX claims. (*See* Pl.'s Compl. ¶ 6, ECF Doc. 1.) This Court has rejected this very proposition, finding that the two-year limitation period set forth in Ohio Rev. Code § 2305.10 applies, the existence of the 12-year limitation period notwithstanding. *See Fudge*, 2013 WL 496017. *Fudge* is virtually identical to the instant matter.

In *Fudge*, former wards of the Trumbull County Children Services Board filed a civil rights lawsuit against the board and its former employee, alleging that the board's employee groomed them and ultimately sexually abused them. The *Fudge* defendants sought dismissal of the claims as barred under Ohio Rev. Code § 2305.10, the two-year limitation period. The *Fudge* plaintiffs contended that the longer, 12-year limitation period in Ohio Rev. Code § 2305.111(C) applied. This Court rejected the *Fudge* plaintiffs' proposition, finding that well-established law demanded application of the two-year limitation period. Because the *Fudge*

plaintiffs failed to file their lawsuit within two years of their 18th birthdays, dismissal of the claims at the pleadings stage was appropriate. *Id.*

As such, even accepting the plaintiff's allegations of wrongdoing on the part of the Tallmadge Defendants as true – which allegations the Tallmadge Defendants specifically deny – the plaintiff has not timely asserted his federal claims. As such, the Tallmadge Defendants are entitled to judgment on the pleadings with respect to the plaintiff's federal claims.

**C.    The Court Should Dismiss the Plaintiff's State Law Claims Against the Tallmadge Defendants (Count 4, Count 6, and Count 7) Because the Expiration of the Two-Year Statute of Limitation Bars Those Claims.**

In addition to the expiration of the two-year statute of limitation that governs the plaintiff's federal law claims, the expiration of a two-year statute of limitation likewise bars the plaintiff from pursuing state law claims against the Tallmadge Defendants. Ohio law imposes a two-year limitations period on claims against political subdivisions. *See* Ohio Rev. Code § 2744.04(A). Ohio law again tolls this limitations period during periods of disability, such as age of minority, but the limitations period begins to run the moment the disability is removed. Ohio Rev. Code § 2305.16.

Both federal and state courts, including this Court, have routinely imposed the two-year limitations period on claims not only against political subdivisions, but also against the employees of political subdivisions. *See Hawkins v. Bruner*, N.D. Ohio No. 1:14-CV-01990, 2015 WL 418166 (Feb. 2, 2015); *Stew Farm, Ltd. v. Natural Resource Conservation Serv.*, 967 F. Supp. 2d 1164, 1174-1175 (S.D. Ohio 2013); *Trehan v. Morton*, N.D. Ohio No. 3:99-CV-07700, 2000 WL 621145 (Mar. 15, 2000); *Gnezda v. City of North Royalton*, 2004-Ohio-1678, ¶ 15 (Ohio Ct. App. 2004); *see also Lisboa v. Reid*, 2011-Ohio-5482, ¶ 9 (Ohio Ct. App. 2011); *Read v. Fairview Park*, 146 Ohio App. 3d 15, 19-20, 764 N.E.2d 1079 (Ohio Ct. App. 2001).

As one Ohio court succinctly explained: "[t]he statute of limitations for suing a political subdivision is two years under Ohio Rev. Code § 2744.04(A).  The two-year statute of limitations under Ohio Rev. Code § 2744.04(A) applies to *both political subdivisions and their employees.*"  *Gnezda*, 2004-Ohio-1678, ¶ 15 (emphasis added).  The two-year limitations period covers all state law tort claims, including claims for intentional infliction of emotional distress. *See id.*; *Hawkins*, 2015 WL 418166, *2.  Disposal of a complaint as barred under the applicable statute of limitation is appropriate at the pleadings stage, either on a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings.  *See Stew Farm*, 967 F. Supp. 2d 1164 (granting a Rule 12(c) motion on statute of limitation grounds); *Lisboa*, 2011-Ohio-5482 (granting a Rule 12(b)(6) motion to dismiss on statute of limitation grounds).

In the instant matter, the plaintiff alleges that his alleged abuse began as early as the age of 12, while a student at Innes Middle School in Akron, Ohio in 2009.  (Pl.'s Compl. ¶ 17.)  The plaintiff also alleges misconduct on the part of the Tallmadge Defendants that occurred between 2013 and 2016.  (*Id.* at ¶¶ 43-44, 54, 78.)  By his own acknowledgement, the plaintiff was a minor until he turned 18 years old on September 7, 2015.  (*Id.* at ¶ 28.)  Because the plaintiff was a minor, the two-year limitations period tolled until his 18th birthday.  *See* Ohio Rev. Code § 2305.16.  As such, the limitations period began to run on September 7, 2015, and expired two years later on September 7, 2017.  *Id.*; Ohio Rev. Code § 2744.04(A); Ohio Rev. Code § 3109.01 (defining the age of majority in Ohio).  The plaintiff, however, did not file his action against the Tallmadge Defendants until August 27, 2018, nearly one year after the two-year limitations period applicable to the state law claims expired.  (*See* Pl.'s Compl., ECF Doc. 1.)  Even when viewing the plaintiff's allegations most broadly to encompass the alleged, yet unspecified discrimination in 2016 while he was still a student, the statute of limitation would have expired

8

by June 2018, two years after the plaintiff graduated from high school.  Because the plaintiff filed his complaint well after the expiration of the statute of limitation, the Tallmadge Defendants are entitled to judgment as a matter of law as to the plaintiff's state law claims.

> ### D.  The Court Should Dismiss the Plaintiff's State Law Claims Against the Tallmadge Board (Count 4, Count 6, and Count 7) Because the Tallmadge Board is Immune From Suit.

Even if the Court determined that a two-year limitation period did not operate to bar the plaintiff's state law claims against the Tallmadge Board, those claims nevertheless fail as a matter of law because the Tallmadge Board is immune from suit.

The Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.01, *et seq.* ("the Act"), governs the tort liability of a political subdivision.  The Supreme Court of Ohio has described the three-tier process for evaluating immunity under the Act:

> Determining whether a political subdivision is immune from tort liability pursuant to Revised Code Chapter 2744 involves a three-tiered analysis.  The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function.  However, that immunity is not absolute.
>
> The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in Ohio Rev. Code § 2744.02(B) apply to expose the political subdivision to liability.
>
> \*       \*       \*
>
> If any of the exceptions to immunity in Ohio Rev. Code § 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in Ohio Rev. Code § 2744.03 apply, thereby providing the political subdivision a defense against liability.

*Colbert v. City of Cleveland*, 99 Ohio St. 3d 215, 216, 790 N.E.2d 781 (Ohio 2003).

In this instance, the Tallmadge Board is a political subdivision engaged in a governmental function – the provision of a system of public education.  As such, the Tallmadge

Board enjoys statutory immunity from tort lawsuits. Moreover, none of the exceptions to statutory immunity set forth in the Act divest the Tallmadge Board from their immunity.

> **1.** **The Tallmadge Board is Immune Because It is a Political Subdivision Performing a Governmental Function.**

The Act specifically provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code § 2744.02(A)(1). Because the Tallmadge Board is a political subdivision engaged in a governmental or proprietary function, it is immune from suit.

According to the Act, "[p]olitical subdivision…means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." Ohio Rev. Code § 2744.01(F) (emphasis added). Ohio statutory law granting a board of education its authority over school districts specifically states that "[t]he board of education of each school district shall be a body politic and corporate[.]" Ohio Rev. Code § 3313.17. Both the Supreme Court of Ohio and this Court have held that boards of education are political subdivisions. *See Hubbard v. Canton City Sch. Bd. of Educ.*, 97 Ohio St. 3d 451, 780 N.E.2d 543 (Ohio 2002); *Adamsky v. Buckeye Loc. Sch. Dist.*, 73 Ohio St. 3d 360, 361, 653 N.E.2d 212 (Ohio 1995); *Lausin ex rel. Lausin v. Bishko*, 727 F. Supp. 2d 610, 631 (N.D. Ohio 2010); *see also Waltherr-Williams v. Mariemont City Schs.*, S.D. Ohio Case No. 1:12-CV-00476, 2013 U.S. Dist. LEXIS 4152 (S.D. Ohio Jan. 9, 2013) ("Ohio law specifically provides that school boards (and school districts) are political

subdivisions.").  There can be no question that the Tallmadge Board is a political subdivision as a matter of law.

According to the Act, "[a] governmental function includes, but is not limited to…the provision of a system of public education."  Ohio Rev. Code § 2744.01(C)(2)(c).  The Supreme Court of Ohio has held that a board of education and public school system are political subdivisions performing a governmental function.  *See Hubbard*, 97 Ohio St. 3d 451.  In *Hubbard*, a student filed suit against a board of education claiming that a teacher had sexually assaulted the student on school grounds.  The *Hubbard* Court held that the school board was a political subdivision engaged in a governmental function.  As the *Hubbard* Court wrote, "[i]t is undisputed that the board meets the first step of the analysis and qualifies for general immunity because Ohio Rev. Code § 2744.01(F) declares public school districts to be political subdivisions and Ohio Rev. Code § 2744.01(C)(2)(c) states that the provision of a system of public education is a governmental function."  *Id.* at 453.

Other Ohio courts, including the Supreme Court of Ohio and this Court have also held that boards of education are political subdivisions engaged in governmental functions.  *See Y.S. v. Mathews Loc. Sch. Dist. Bd. of Educ.*, 766 F. Supp. 2d 839, 843 (N.D. Ohio. 2011); *Doe v. Marlington Local Sch. Dist. Bd. of Educ.*, 122 Ohio St. 3d 12, 15, 907 N.E.2d 706 (Ohio 2009); *Elston v. Howland Loc. Sch.*, 113 Ohio St. 3d 314, 317, 865 N.E.2d 845 (Ohio 2007); *Perkins v. Norwood City Schs.*, 85 Ohio St. 3d 191, 707 N.E.2d 868 (Ohio 1999); *Aratari v. Leetonia Exempt Vill. Sch. Dist.*, 2007-Ohio-1567 (Ohio Ct. App. 2007); *M.B. v. Elyria City Bd. of Educ.*, 2006-Ohio-4533 (Ohio Ct. App. 2006); *Piispanen v. Carter*, 2006-Ohio-2382 (Ohio Ct. App. 2006).

As the Supreme Court of Ohio recognized in *Hubbard*, and as myriad cases have continued to hold, there can be no dispute that a school board, like the Tallmadge Board, is a political subdivision engaged in a governmental function.  This is definitively established as a matter of law.  As such, the Tallmadge Board is entitled to immunity from the plaintiff's claims.

> **2.      No Exception Removes the General Grant of Immunity**
> **to the Tallmadge Board.**

The second step of the immunity analysis "requires a court to determine whether any of the five exceptions to immunity listed in Ohio Rev. Code § 2744.02(B) apply to expose the political subdivision to liability."  *Colbert*, 99 Ohio St. 3d at 216.  The Act sets forth the five limited exceptions to the general grant of immunity:

> [A] political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1)      Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.
>
> *      *      *
>
> (2)      Except as otherwise provided in Ohio Rev. Code § 3314.07 and  § 3746.24, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
>
> (3)      Except as otherwise provided in Ohio Rev. Code § 3746.24, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads[.]
>
> (4)      Except as otherwise provided in Ohio Rev. Code § 3746.24, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or

on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function[.]

(5)    In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to Ohio Rev. Code § 2743.02 and § 5591.37.

Ohio Rev. Code § 2744.02(B).

None of the exceptions to immunity is potentially applicable to the plaintiff's claims against the Tallmadge Board. The plaintiff does not allege that the Tallmadge Board engaged in the negligent operation of a motor vehicle. *See* Ohio Rev. Code § 2744.02(B)(1) (inapplicable). The plaintiff does not allege that the Tallmadge Board or its employees negligently engaged in a proprietary function, as defined in the Act. *See* Ohio Rev. Code § 2744.02(B)(2) (inapplicable). The plaintiff does not allege that the Tallmadge Board failed to keep public roads in repair. *See* Ohio Rev. Code § 2744.02(B)(3) (inapplicable). The plaintiff does not allege that his injury or loss is due to the physical defects within or on the grounds of school buildings. *See* Ohio Rev. Code § 2744.02(B)(4) (inapplicable). The plaintiff does not allege, and no statute specifically imposes liability upon the Tallmadge Board Board. *See* Ohio Rev. Code § 2744.02(B)(5) (inapplicable). Because none of the exceptions to immunity apply, the Tallmadge Board is immune from suit as to each of the plaintiff's claims against it.

As to the plaintiff's claim for intentional infliction of emotional distress (Count 4), the Supreme Court of Ohio has held that "[t]here are no exceptions to immunity for the intentional torts of fraud and infliction of emotional distress as alleged in this case." *Wilson v. Stark Cty. Dep't of Human Servs.*, 70 Ohio St. 3d 450, 452, 639 N.E.2d 105 (Ohio 1994); *see also Hubbard*, 97 Ohio St. 3d at 453 (affirming summary judgment in favor of a political subdivision

13

on a claim of intentional infliction of emotional distress).  The Sixth Circuit and this Court have also held that political subdivisions are immune from claims for intentional infliction of emotional distress.  *See Fuller v. Cuyahoga Metro. Housing Auth.*, 334 Fed. App'x 732 (6th Cir. 2009); *Wood v. Summit Cty. Fiscal Office*, 579 F. Supp. 2d 935, 966 (N.D. Ohio 2008); *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 744 (N.D. Ohio 2008); *Leonard v. Compton*, N.D. Ohio No. 1:03-CV-01838, 2005 WL 1460165, *10 (June 17, 2005).

As to the plaintiff's claim for negligent or otherwise improper hiring, supervision, and retention (Count 7), this Court has held that the Act immunizes political subdivisions against such claims.  *See M.T. v. Benton-Carrol-Salem Loc. Sch. Dist.*, N.D. Ohio No. 16-CV-02552, 2017 WL 2119346, *5 (May 16, 2017) (granting motion for judgment on the pleadings with respect to a claim of improper hiring, supervision, and retention); *Taylor v. Mahoning Cty. Children Servs. Bd.*, N.D. Ohio No. 4:11-CV-00028, 2012 WL 2886002 *9 (July 13, 2012); *Y.S.*, 766 F. Supp. 2d 839.

As to the plaintiff's claim for negligent, wanton, and reckless conduct (Count 6), it is not clear from the face of the plaintiff's complaint what conduct forms the basis of this claim, other than a vague reference to "conduct….described above."  (*See* Pl.'s Compl. ¶ 115, ECF Doc. 1.) Irrespective of the specific conduct at issue, none of the conduct alleged *anywhere* in the plaintiff's complaint triggers any of the exceptions to immunity afforded to the Tallmadge Board.  As such, regardless of what conduct on the part of the Tallmadge Board the plaintiff believes to be negligent, wanton, or reckless, the Tallmadge Board is immune from such claims.

14

  **E.**  **The Court Should Dismiss the Plaintiff's State Law Claims Against Mr. Ferguson and Mr. Vassalotti (Count 4, Count 6, and Count 7) Because They are Also Immune From Suit, and Because the Allegations of the Plaintiff's Complaint Fail to State Viable Claims.**

Even if the Court determined that a two-year limitations period did not operate to bar the plaintiff's state law claims against Mr. Ferguson and Mr. Vassalotti, those claims nevertheless fail as a matter of law.

    **1.**  **The Plaintiff Fails to Plead a Legally Sufficient Claim for Intentional Infliction of Emotional Distress Against Mr. Ferguson and Mr. Vassalotti (Count 4).**

To state a claim for intentional infliction of emotional distress under Ohio law, the plaintiff must present plausible factual allegations to support the following:

> (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.

*Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008) (citing *Yeager v. Loc. Union 20*, 6 Ohio St. 3d 369, 453 N.E.2d 666 (Ohio 1983)).  The elements are separate and distinct, particularly as they pertain to the serious and debilitating nature of the alleged distress, and the causal effect thereof.  A plaintiff must sufficiently allege that a defendant *intended to cause emotional distress, or knew or should have known that emotional distress would result*.  This is separate and apart from the allegations that a plaintiff also allege that he or she suffered from severe and debilitating emotional distress, *and* that a defendant's conduct was the proximate cause of the claimed emotional distress.  *Id.*  The Sixth Circuit and this Court have affirmed dismissal of claims of intentional infliction of emotional distress for failure to sufficiently plead all necessary elements of the claim.  *See Snyder v. United States*, 590 Fed.

App'x 505, 512 (6th Cir. 2014); *Coley v. Lucas Cty.*, N.D. Ohio No. 3:09-CV-00008, 2014 WL 273211, *14-*15 (Jan. 23, 2014); *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 870-71 (N.D. Ohio 2013).

For instance, in *Snyder*, a district court dismissed emotional distress claims against federal and municipal governments and their individual officers. The *Snyder* court affirmed the dismissal in full, finding that a "[p]laintiff's claim for intentional infliction of emotional distress cannot survive a 12(b)(6) motion because she *neither alleges intentional* nor extreme and outrageous conduct, *both of which* are necessary elements under Ohio law." *Snyder*, 590 Fed. App'x at 512 (emphasis added).

Even in those cases in which a plaintiff parrots the elements of an emotional distress claim to allege that a defendant intended to cause emotional distress, this Court has nevertheless disposed of such claims at the pleadings stage. *See Kovac*, 930 F. Supp. 2d at 870-71; *Coley*, 2014 WL 273211. In *Kovac*, a plaintiff alleged that defendants acted intentionally by subjecting the plaintiff to discrimination, that this conduct was extreme and outrageous, and that emotional distress was the result of such conduct. *Id.* The *Kovac* court determined that the plaintiff "has not pleaded that [the defendant] intended to cause him emotional distress, nor that [the defendant] knew or should have known that its conduct would result in serious emotional distress." *Id.* at 870. As such, the *Kovac* court granted the defendant's motion to dismiss this claim. *Id.* at 871.

In *Coley*, a plaintiff alleged that a defendant intended to cause emotional distress, or knew or should have known its conduct would result in emotional distress, that this conduct was extreme and outrageous, and that serious emotional distress was the proximate result of the conduct. *Coley*, 2014 WL 273211, *14-*15. This Court granted a motion for judgment on the

pleadings finding that, although a "[c]omplaint need not contain detailed factual allegations…the factual allegations must be enough on which to base an actual right to relief."  *Id.* at *15.  The mere recitation of the elements of the claim was insufficient to withstand dismissal.  *Id.*

In this instance, the sum total of the plaintiff's allegations in support of this claim is that the conduct of all defendants was outrageous, and that the plaintiff suffered severe and permanent emotional distress as a direct and proximate result of this allegedly outrageous conduct.  (*See* Pl.'s Compl. ¶¶ 109-110, ECF Doc. 1.)  Wholly absent from the plaintiff's complaint is any allegation that either Mr. Ferguson or Mr. Vassalotti *intended to cause the plaintiff emotional distress*, or that they *knew or should have known that the plaintiff would suffer emotional distress*.  Absent such an allegation, to say nothing of plausible factual support for such allegation, the claim fails as a matter of law.

### 2.  Statutory Immunity Imposes an Absolute Bar to the Plaintiff's Negligence Claims Against Mr. Ferguson and Mr. Vassalotti (Count 6 and Count 7).

The Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.01, *et seq.*, sets forth the immunity afforded to individual employees of a political subdivision.  *See* Ohio Rev. Code § 2744.03(A)(6).  The pertinent section of the Act states:

[T]he employee is immune from liability unless one of the following applies:

(a)  The employees acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b)  The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c)  Civil liability is expressly imposed upon the employee by a section of the Revised Code.

Ohio Rev. Code § 2744.03(A)(6).

In this instance, the plaintiff makes no allegation that Mr. Ferguson or Mr. Vassalotti were acting manifestly outside of the scope of their employment.  *See* Ohio Rev. Code § 2744.03(A)(6)(a) (inapplicable).  The plaintiff makes no allegation that the Ohio Revised Code expressly imposes civil liability upon Mr. Ferguson or Mr. Vassalotti.  *See* Ohio Rev. Code § 2744.03(A)(6)(c) (inapplicable).  Instead, the plaintiff could only hope to impose liability upon Mr. Ferguson or Mr. Vassalotti by alleging and proving that they acted with malicious purpose, in bad faith, or in a wanton or reckless manner.  *See* Ohio Rev. Code § 2744.03(A)(6)(b).

But the plaintiff's complaint contains allegations of negligence in addition to unspecified claims of wanton and reckless conduct.  The plaintiff's allegations of negligence generally (Count 6) and negligence in hiring, retaining, or supervising Defendant Cross (Count 7) cannot overcome the blanket immunity afforded to Mr. Ferguson and Mr. Vassalotti.  Ohio law is clear: "allegations of negligence are insufficient to overcome the immunity granted to an employee of a political subdivision who acts within his or her official duties."  *Lambert v. Clancy*, 125 Ohio St. 3d 231, 234, 927 N.E.2d 585 (Ohio 2010) (citing *Fabrey v. McDonald Vill. Police Dep't*, 70 Ohio St. 3d 351, 356, 639 N.E.2d 31 (Ohio 1994)); *Lassen v. Lorain Cty.*, N.D. Ohio No. 1:13-CV-01938, 2014 WL 3511010, *8 (July 14, 2014).

Because Mr. Ferguson and Mr. Vassalotti are immune from allegations of negligence, they are entitled to judgment as a matter of law as to the plaintiff's claims for negligence (Count 6) and negligent hiring, supervision, and retention (Count 7).

> **3.     The Plaintiff Fails to Plead a Legally Sufficient Claim for Negligent Hiring, Retention, and Supervision Against Mr. Ferguson and Mr. Vassalotti (Count 7).**

In addition to their immunity from claims of negligent hiring, retention, and supervision, the allegations against Mr. Ferguson and Mr. Vassalotti are legally insufficient to withstand

18

judgment on the pleadings.  In order to prevail on a claim of negligent hiring or retention under Ohio law, a plaintiff must establish: (1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employee's act or omission causing the plaintiff's injuries, and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of the plaintiff's alleged injuries and damages.  *See Watson v. City of Cleveland*, 202 Fed. App'x 844, 857 (6th Cir. 2006); *Evans v. Ohio State Univ.*, 112 Ohio App. 3d 724, 739, 680 N.E.2d 161 (Ohio Ct. App. 1996).  The requirements to establish a negligent supervision claim are the same as those for a negligent hiring or retention claim under Ohio law.  *See Risner v. ShopKo Stores, Inc.*, 325 F. Supp. 2d 825, 829 (N.D. Ohio 2004); *Browning v. Ohio State Highway Patrol*, 151 Ohio App. 3d 798, 810, 786 N.E.2d 94 (Ohio Ct. App. 2003).  This Court has specifically disposed of claims for negligent hiring, retention, and supervision at the pleadings stage when the factual allegations of a complaint do not satisfy the legal requirements of such claims.  *See Johnson v. J.B. Hunt Transport, Inc.*, N.D. Ohio No. 3:09-CV-01352, 2009 WL 4282941, *6 (Nov. 30, 2009).

The plaintiff's negligent hiring, retention, and supervision claim against Mr. Ferguson and Mr. Vassalotti fails for one simple reason: the plaintiff does not allege the existence of an employment relationship between Defendant Cross and Mr. Ferguson or Mr. Vassalotti.  This is the first and fundamental element of such a claim.  In the absence of an allegation that would support the existence of an employment relationship between Defendant Cross and Mr. Ferguson or Mr. Vassalotti, the plaintiff's claim against them fails as a matter of law.

19

## III.    CONCLUSION

The plaintiff has failed to timely protect his interests in connection with his pursuit of claims arising out of his abuse at the hands of Defendant Cross.  The plaintiff knew that such abuse had been ongoing since at least 2009 and continued until 2015, when the plaintiff turned 18 years old.  Yet the plaintiff failed to timely assert his claims, particularly as they relate to the Tallmadge Defendants.  A two-year statute of limitation bars the plaintiff's federal claims as a matter of law.  A separate two-year statute of limitation bars the plaintiff's state law claims as a matter of law.  Even if the Court were willing to extend the limitation periods, the plaintiff's state law claims against the Tallmadge Defendants would fail because the Tallmadge Defendants are variously immune from the allegations set forth in the plaintiff's complaint.  The plaintiff also fails to support these state law claims with allegations sufficient to merit relief against the Tallmadge Defendants.  For these reasons, as set forth fully above, the Tallmadge Defendants respectfully request that the Court grant their motion for judgment on the pleadings, and enter judgment as a matter of law in favor of the Tallmadge Defendants as to each of the plaintiff's claims against them.

Respectfully submitted,

*/s/ Markus E. Apelis                                      .*
**MARKUS E. APELIS (0083884)**
GALLAGHER SHARP LLP
Bulkley Building – Sixth Floor
1501 Euclid Avenue
Cleveland, Ohio 44115
Phone: (216) 241-5310
Fax:     (216) 241-1608
Email: mapelis@gallaghersharp.com
*Attorney for the Defendants*
*Tallmadge City Schools Board of Education,*
*Jeff Ferguson, and Joe Vassalotti*

## <u>CERTIFICATION</u>

Defendants Tallmadge City Schools Board of Education, Jeff Ferguson, and Joe Vassalotti, by and through their undersigned counsel and pursuant to Local Rule 7.1(f), certify that this matter is yet to be assigned to a differentiated case management track, and certify further that the memorandum in support of their motion for judgment on the pleadings complies with the page limitation for unassigned cases set forth in Local Rule 7.1(f).

<u>/s/ Markus E. Apelis</u>                        .
**MARKUS E. APELIS (0083884)**
*Attorney for the Defendants*
*Tallmadge City Schools Board of Education,*
*Jeff Ferguson, and Joe Vassalotti*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing **Defendants Tallmadge City Schools Board of Education's, Jeff Ferguson's, and Joe Vassalotti's Motion for Judgment on the Pleadings** was electronically filed with the Court on Tuesday November 20, 2018.  Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.  Parties may access this filing through the Court's case management and electronic case filing system.  Additionally, on the same day listed above, the foregoing was also served by ordinary United States mail, postage prepaid, upon the following:

> **Laura Lynn Cross (Offender No. W101342)**
> c/o Ohio State Reformatory for Women
> 1479 Collins Avenue
> Marysville, Ohio 43040
> *Defendant*

>> */s/ Markus E. Apelis*                              .
>> **MARKUS E. APELIS (0083884)**
>> *Attorney for the Defendants*
>> *Tallmadge City Schools Board of Education,*
>> *Jeff Ferguson, and Joe Vassalotti*