UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ned Spragling, II, | ) | CASE NO: 5:18CV1969 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Akron Public Schools, et al., | ) | |
| | ) | (Resolving Docs. 12 and 17) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by the Akron defendants (Doc. 12) and a motion for judgment on the pleadings filed by the Tallmadge defendants (Doc. 17).  Plaintiff Ned Spragling has opposed both motions, and defendants have replied in support of both motions.  The motions are GRANTED.

Plaintiff Ned Spragling filed his complaint on August 27, 2018.  Spragling named Akron Public Schools, David W. James, Ricky Powers (collectively, "the Akron Defendants"), Tallmadge City Schools, Jeff Ferguson, Joe Vassalotti, and Laura Lynn Cross (collectively, "the Tallmadge Defendants") as defendants.  In summary, Spragling alleged that he was the victim of sexual abuse at the hands of Cross from the time he was a sixth-grade student through his high school graduation in 2016.  Spragling alleged that both school districts failed to prevent the abuse despite actual or constructive knowledge of the same.

Both sets of Defendants have filed motions seeking to have the claims dismissed and have argued that the federal claims were not timely filed.  The parties agree that if a

two-year statute of limitations applies, Plaintiff's federal claims are time-barred. They do not, however, agree upon the applicable statute of limitations. Accordingly, the Court now reviews their arguments.

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint

must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

A sole issue is presented in both pending motions: what is the proper statute of limitations for Plaintiff's claims alleging sexual abuse as a minor? Defendants contend that the § 1983 and Title IX claims are governed by a two-year statute of limitations. Plaintiff responds that Ohio Revised Code § 2305.111(C) gives him until he reaches the age of 30 to file suit. The Court now resolves the parties' arguments.

O.R.C. § 2305.111(C) provides in relevant part:

> An action for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse, or an action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, shall be brought within twelve years after the cause of action accrues.

The parties agree that a proper interpretation of the statute leads to a conclusion that a minor child has until the age of 30 to institute proceedings under the statute. The parties, however, disagree over its application to the federal claims pled in this complaint.

The undersigned has previously addressed and rejected the argument raised by Plaintiff. In *Fudge v. Watson*, 2013 WL 496017 (N.D.Ohio Feb. 7, 2013), the plaintiff raised the precise argument that O.R.C. § 2305.111(C) should act to extend the statute of limitations for *all* claims. *Id.* at *3-4. In rejecting that argument, this Court noted that the United States Supreme Court has held that "a State's personal injury statute of limitations should be applied to *all* § 1983 claims." *Owens v. Okure*, 448 U.S. 235, 240-41 (1989) (emphasis added). The Sixth Circuit has similarly held that a State's personal injury statute of limitations applies to Title IX claims. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996).

3

Plaintiff urges a different result by relying upon a more recent Ohio Supreme Court decision, *Watkins v. Dept. of Youth Srvs.*, 143 Ohio St.3d 477 (2015). Plaintiff is correct that *Watkins* gave an expansive meaning to 2305.111(C). The court there noted:

> Further, uncodified Section 3(B) of S.B. 17 reads:
>
> The amendments to section 2305.111 of the Revised Code made in this act shall apply to all civil actions for assault or battery **1211 brought by a victim of childhood sexual abuse based on childhood sexual abuse * * * [and] to all civil actions brought by a victim of childhood sexual abuse for a claim resulting from childhood sexual abuse * * *.
>
> (Emphasis added.) 151 Ohio Laws, Part I, 1181. Again in that section, the General Assembly allows for no distinction between public and private tortfeasors: R.C. 2305.111(C) applies to all claims. "Any" means any, and "all" means all.
>
> Moreover, by including the conduct of state actors in R.C. 2305.111's definition of childhood sexual abuse, the state has manifested its intent that claims against state actors are governed by the 12–year limitations period set forth in division (C) of that statute.

*Id.* at 481. As such, there is little doubt that virtually all state law claims would fall under the expanded statute of limitations offered by O.R.C. 2305.111(C).

However, the Ohio General Assembly did not amend O.RC. § 2305.10, its personal injury statute. As such, this Court remains bound by the holdings espoused in *Owens* and *Lillard* and must apply the personal injury statute of limitations to both federal claims.[1] It is undisputed that Plaintiff's claims were filed after the two-year statute of limitations. Accordingly, Plaintiff's Title IX and § 1983 claims are barred by the statute of limitations.

---

[1] Contrary to Plaintiff's argument, this Court no longer engages in any analysis to determine the "most analogous" state statute of limitations. *Owens* put an end to such an approach nearly 30 years ago. *Owens*, 448 U.S. 240-41.

4

5

The Court declines to reach the merits of any arguments related to the remaining state law claims, and those claims are hereby dismissed without prejudice.

The Akron Defendant's motion to dismiss and the Tallmadge Defendants' motion for judgment on the pleadings are GRANTED.  This matter is hereby dismissed.

IT IS SO ORDERED.


March 18, 2019                           ____/s/ Judge John R. Adams_____
Date                                                 JUDGE JOHN R. ADAMS
                                                         UNITED STATES DISTRICT COURT